732

(No. 75-CV-669–)

IN RE APPLICATION OF PAUL MOY.

*Opinion filed December 3, 1976.*

VICTOR SOTOS, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General of Illinois; JAMES O. STOLA, Assistant Attorney General.

PER CURIAM.

This claim arises out of a criminal offense which occurred on December 11, 1974, at 1435 East Hyde Park, Chicago. The Claimant, Paul Moy, seeks compensation for lost earnings pursuant to the Crime Victims Compensation Act, (Ill.Rev.Stat., 1973, Ch. 70, Sec. 71, et seq.) (hereafter referred to as the "Act").

Evidence was taken at a hearing conducted by Martin C. Ashman, a Commissioner of this court.

The sole contested issue presented to the Court was the basis for computing the Claimant's loss of earnings and future loss of income.

The facts were essentially undisputed. On December 11, 1974, at approximately 9:20 p.m., the Claimant was in the Lung Hing Restaurant at 1435 East Hyde Park, Chicago, where he was employed as a busboy and kitchen helper. Two armed men entered the restaurant and attempted an armed robbery. One of the men, holding a gun, fired two shots at the Claimant and the Claimant fell to the floor. The police were summoned and the Claimant was taken to Billings Hospital in Chicago. The Claimant was treated and the result of the treatment was that a bullet which entered the Claimant's side passed through a lung and lodged near his spine.

As a result of this injury, the Claimant became a paraplegic. He uses a brace on his left leg and a cane in order to walk. He walks slowly and painfully. Certain parts of his legs are numb and he has no control over the muscles of his legs at various times. After 15 minutes of sitting, he has pain in his right leg and must lie down for one-half hour to an hour. He cannot stand more than 15 minutes at a time.

The medical report entered into evidence by agreement indicated that his condition of paralysis is permanent.

While there has been no apprehension of the criminals, it is clear and this Court finds that the Claimant has cooperated with law enforcement authorities to the best of his ability. There is no evidence that the victim in any way provoked the attack upon himself nor is there any evidence that the victim and his assailants were related or shared the same household.

The victim sustained medical and hospital bills amounting to $25,704.46, all of which was paid by the Cook County Department of Public Aid.

Prior to the assault upon him, the Claimant worked for his father at the Lung Hing Restaurant as a waiter, cashier, busboy, dishwasher, and general cleanup man. He has no other work training or experience. It is clear to this Court that, given the permanency of his condition, the Claimant can no longer be gainfully employed. The Claimant was aged 20 at the time of the assault upon him.

There is no question that the Claimant is entitled, under the Act, to payment for his lost future earnings. The difficulty is that the Claimant was employed in a family owned restaurant and drew no salary as such, but was paid for his living expenses, clothing, room and board. In addition he received an allowance of between

$5.00 and $10.00 per week plus tips in the amount of $7.00 per day for a six day week.

Even without considering the value of the living expenses, clothing, room and board, it is apparent that the Claimant received in actual money the sum of approximately $47.00 per week.

Taking into consideration the Claimant's age of 20 years and his normal life expectancy, it is clear that the total lost support is far in excess of the $10,000.00 maximum awardable under the Act. It is the Court's opinion, however, that the best interests of the victim would be served by our ordering that this award be disbursed to the Claimant in periodic monthly payments as authorized by Section 8(a), Subparagraph 4 of the Act.

It Is THEREFORE ORDERED that the total sum of $10,000.00 be awarded to the Claimant and that the aforesaid award be paid to the Claimant, Paul Moy, in 20 equal installments of $500.00 each.

The Court further finds under Section 12 of the Act and based on the allegations of attorney, Victor Sotos, that attorneys fees in the total sum of $500.00 are reasonable for representing the Claimant at the hearing of this case.

It Is THEREFORE ORDERED that Victor H. Sotos may charge the Claimant $500.00 in attorneys fees.